UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>STANLEY MOBLEY,<br><br>　　　　　　　　　　Defendant. | Case No. 17cr2198-MMA<br><br>**MEMORANDUM DECISION RE: DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)**<br><br>[Doc. No. 56] |

On October 12, 2017, Defendant Stanley Mobley pleaded guilty to Count 1 of a four-count Indictment charging him with conspiracy to distribute cocaine in violation of Title 21, United States Code, sections 841(a)(1) and 846. *See* Doc. No. 23. Defendant was sentenced to a mandatory minimum custodial term of sixty months and five years of supervised release. *See* Doc. No. 51. Defendant is currently serving his custodial term at Federal Correctional Institution La Tuna in El Paso County, Texas. According to the Bureau of Prisons, Defendant's anticipated release date is July 4, 2022.[1] Defendant, proceeding through counsel, now moves the Court for early compassionate release and a corresponding reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended

---

[1] *See* Federal Bureau of Prisons Online Inmate Locator, available at https://www.bop.gov/inmateloc (last visited 11/13/2020).

1

by the First Step Act of 2018.  *See* Doc. No. 56.  The government has filed a response to Defendant's motion indicating no opposition to Defendant's requested reduction in sentence.  *See* Doc. No. 58.  The Court finds the matter suitable for disposition on the current record and without a hearing.  For the reasons set forth below, the Court **GRANTS** Defendant's motion.

### DISCUSSION

Defendant seeks early compassionate release on the ground that his health is at risk due to the spread of the novel coronavirus disease, COVID-19, throughout the federal prison system and the facility where he is currently housed.  Defendant suffers from various chronic medical conditions which he states place him at a heightened risk of serious illness if he contracts the virus.  The government agrees that Defendant's health conditions place him at a sufficiently elevated risk to warrant early release, subject to additional conditions and an increased period of supervised release.

*1. Relevant Law*

In 1984, Congress authorized compassionate release from prison under the criteria set forth in 18 U.S.C. § 3582(c)(1)(A) as part of the Comprehensive Crime Control Act.  Under its original terms, only the Director of the Bureau of Prisons was authorized to file a motion for compassionate release pursuant to section 3582(c)(1)(A).  The First Step Act went into effect on December 21, 2018.  *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.  Section 603(b) of the First Step Act modified section 3582(c)(1)(A), which now provides, in pertinent part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant* after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

>    (i) extraordinary and compelling reasons warrant such a reduction; . . .
>
>    and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

The United States Sentencing Commission has published a policy statement addressing the standards for compassionate release.[2] *See* U.S.S.G. § 1B1.13. The statement reiterates that a court may reduce a term of imprisonment under § 3582(c)(1)(A) if "extraordinary and compelling reasons warrant the reduction" and "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable." *Id*. The policy statement also directs courts to determine that "the defendant is not a danger to the safety of any other person or to the community," before reducing a term of imprisonment under § 3582(c)(1)(A). *Id*.

### 2. Analysis

As a threshold matter, the Court finds that Defendant has exhausted his administrative remedies. Defendant first presented his request for early release to the warden of the facility on July 10, 2020; the warden denied the request ten days later. *See* Def. Ex. C. Defendant bases the instant motion in large part on identical concerns regarding his serious medical conditions. Accordingly, he has exhausted his administrative remedies and the Court will consider his motion on its merits.

---

[2] The Court agrees with other district courts that while the text of section 603(b) of the First Step Act supersedes and contradicts certain aspects of the policy statement's text, in the absence of further guidance from the appellate courts or further action by Congress, trial courts should not consider themselves relieved of their duty to "continue to follow the guidance of the Sentencing Commission's policy statement limiting the scope of 'extraordinary and compelling reasons' that warrant compassionate release under § 3582(c)(1)." *United States v. Lum*, No. 18-CR-00073-DKW, 2020 WL 3472908, at *4 (D. Haw. June 25, 2020) (collecting cases); *But cf. Stinson v. United States*, 508 U.S. 36, 38 (1993) ("[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.").

a) <u>Extraordinary and Compelling Reasons</u>

Defendant argues that the spread of COVID-19 throughout the facility where he is currently housed and his chronic serious medical conditions, to wit, morbid obesity, sleep apnea, and respiratory/pulmonary issues, together constitute extraordinary and compelling reasons supporting early release and a corresponding reduction in his custodial term. Defendant is currently housed at FCI La Tuna, a low-security institution with approximately 600 inmates. According to the Bureau of Prisons' most recent data, it appears that there are 72 inmates and 21 staff members at the facility who are currently infected with COVID-19.[3]

The Court acknowledges and appreciates the extraordinary measures taken by the Bureau of Prisons to attempt to ensure the health of federal inmates throughout the country, however, the Centers for Disease Control and Prevention ("CDC") has concluded that COVID-19 poses a heightened risk to the nation's incarcerated population.[4] Additionally, the CDC has recognized that individuals who suffer from certain chronic conditions, including morbid obesity, are at a higher risk of severe illness from COVID-19.[5]

Having considered all relevant factors, and in light of the fact that the government does not oppose early release and Defendant has served more than half of his custodial term, the Court finds that extraordinary and compelling reasons warrant compassionate release and a corresponding reduction of Defendant's sentence.

---

[3] *See* https://www.bop.gov/coronavirus/ (last visited 11/13/2020).

[4] *See* https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html (last visited 11/13/2020).

[5] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html#obesity (last visited 11/13/2020).

b) <u>Danger to the Safety of Others</u>

The Sentencing Guidelines provide that compassionate release is appropriate only where the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Section 3142(g) provides:

> Factors to be considered.—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
>
> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Defendant's current offense, while involving serious drug-related crimes, did not involve violence. Moreover, Defendant has no previous criminal history and the record is devoid of any indication that Defendant might pose a danger to the safety of any other person. *See* U.S.S.G. § 1B1.13(2). And, importantly, any potential risk to the

community will be significantly mitigated by the conditions of Defendant's term of supervised release which will include a substantial period of home detention and participation in a program of drug or alcohol abuse treatment, including drug testing and counseling, as directed by the assigned probation officer.

### c) Sentencing Factors

The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a). Section 3553(a) provides:

> Factors to be considered in imposing a sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence[s] and the sentencing range established for—
>
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ... [;]
>
> (5) any pertinent policy statement ... [;]
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The Court acknowledges that Defendant's criminal conduct in this case was very serious. The Court further notes Defendant's difficulties with supervision while on pretrial release.[6] Nevertheless, Defendant has served approximately 33 months of the custodial term imposed in this case – a significant period of time by any definition. That period of incarceration, when combined with an additional term of supervised release under restrictive conditions, as discussed below, reflects the seriousness of Defendant's drug offense and will serve to deter future criminal conduct.

After consideration of all the factors set forth in section 3553(a), the Court finds that those factors weigh in favor of granting Defendant's requested reduction in sentence.

### d) Additional Term of Supervised Release

Section 3582(c)(1)(A) provides that the Court "may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). The Court finds that an additional term of supervised release would adequately address the seriousness of Defendant's offense and the need for the original sentence imposed while balancing the extraordinary and compelling circumstances that warrant compassionate release. Accordingly, the Court will impose an additional term of supervised release of twenty-seven (27) months, which approximates the balance of Defendant's original term of imprisonment. Defendant will serve this additional term of supervised release under the condition of home detention. This term of supervised release under home detention will be followed by the previously-imposed five-year period of supervised release.

---

[6] As set forth in the Presentence Report, "[w]hile under the supervision of the U.S. Pretrial Services (USPTS) office, MOBLEY provided positive drug tests for marijuana and methamphetamine" on several occasions," resulting in the revocation of his pretrial release for a period of time. Doc. No. 27 at 5.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's motion for early compassionate release and a corresponding reduction in sentence as set forth in the Order and Amended Judgment filed concurrently herewith. The Court **REDUCES** Defendant's custodial sentence to a **total term of time served**.

The Court **IMPOSES** an additional twenty-seven (27) months of supervised release for a **total term of supervised release of eighty-seven (87) months**. All previously imposed terms and conditions of supervised release remain in full force and effect. The Court imposes the following additional special conditions of supervised release:[7]

> 4. Defendant must reside with Mrs. Monique Mobley in accordance with his proposed release plan. In the event such residence is no longer available or otherwise feasible, Defendant must notify his probation officer immediately and thereafter may only reside in a location that is preapproved by Probation and authorized by the Court; and,
>
> 5. Defendant must remain at his residence at all times for a period of twenty-seven (27) months, except for preapproved and scheduled absences for:
> - Employment
> - Education
> - Religious activities
> - Treatment
> - Attorney visits
> - Court appearances
> - Court-ordered obligations or
> - Other activities as approved by the probation officer; and,

---

[7] The Court has the authority to "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release," 18 U.S.C. § 3583(e)(2), and finds it appropriate to do so here without a hearing, as the additional term of release is authorized by statute and is one of several restrictive modifications suggested by Defendant as part of his release plan. *See* 18 U.S.C. § 3582(c)(1)(A); Fed. R. Crim. P. 32.1(c)(2).

6. Defendant must be monitored for a period of twelve (12) months, with the location monitoring technology at the discretion of the probation officer. Defendant must abide by all technology requirements and must pay all or part of the costs of participation in the location monitoring program, as directed by the Court and/or the probation officer.

**IT IS SO ORDERED**.

DATE: November 13, 2020

HON. MICHAEL M. ANELLO
United States District Judge